# COOS,

## JULY TERM, A. D. 1858.

---

## FLANDERS *v.* STARK.

Where it appeared that a note was deposited by A., the payee, in the hands of B., to remain until the claim of C. upon certain real estate was released or removed, and it was not shown that C. had any valid claim, or that the note was so deposited in pursuance of any valid contract, it was *held* that a charge to the jury, that if there was any valid claim to the land, and the plaintiff agreed that the note should remain uncollected in the hands of a third person till the claim was settled or removed, and that was not done, the plaintiff could not recover; but if there was no such valid claim, the plaintiff could recover, was liable to mislead the jury, it being immaterial whether the claim was or was not valid.

WRIT OF ENTRY, upon a mortgage to recover possession of land in Northumberland, for nonpayment of a note.

Upon the general issue, the execution and delivery of the note and mortgage were proved. The defendants offered evidence tending to show, that, at or about the date of the note and mortgage, the note had been left by the plaintiff, or with his assent, in the possession of Seth Eames, Esq., formerly of Northumberland, (whose administrator still retains it, though repeatedly demanded by the plaintiff,) to remain in the hands of Mr. Eames until the supposed claim of one J. B. Brown to the land described in the mortgage, by virtue of a sheriff's deed, under the levy of an execution in favor of one Joseph Higbee upon the supposed interest of J. Flanders in the premises, should be settled or removed. No evidence was offered tending to show that J. Flanders ever had or claimed any

interest whatever in the land; and Flanders himself tes-
tified that he never had or claimed any such interest in
any way.

The court instructed the jury that if they found, from
the evidence in the case, that, at the time the note was
placed in the hands of Eames, J. B. Brown had any valid
lien or claim upon the land, and the plaintiff agreed that
this note should remain uncollected in the hands of Eames
until that lien or claim was settled or removed; and the
claim had not been so settled or removed, the plaintiff
could not recover; but that if Brown never had any
valid lien or claim upon the land, by reason of the fact
that J. Flanders never had any interest in it which could
be attached or levied upon by Higbee, or any other cred-
itor, and they so found upon the evidence before them,
the plaintiff, having repeatedly demanded the note of
Eames' administrator, and it being admitted that it had
never been paid, would be entitled to recover; even
though they should find that, under some misapprehen-
sion or uncertainty as to the nature and validity of Brown's
claim, the note had been deposited by him with Eames,
to remain in his hands uncollected until the supposed
claim of Brown to the land described in the mortgage
should be removed; in other words, that the plaintiff was
under no obligation to settle or remove a lien or claim
which had no existence in truth and in fact, but was entit-
led to his note, upon demanding it, although, through
misapprehension or uncertainty, he might have deposited
it to remain uncollected until such supposed claim should
be settled or removed.

The jury having returned a verdict for the plaintiff, the
defendants moved that the same be set aside, and a new
trial granted, for supposed error in the foregoing instruc-
tions.

*Whidden*, for the plaintiff.

*Williams,* for the defendants.

BELL, J.   No contract or agreement is here stated between these parties as to the note or mortgage.   No consideration or inducement for any agreement is stated.   All that appears is, that the plaintiff left the note with Eames, to remain till Brown's claim was removed or settled.   It seems a voluntary act, of which the defendants could take no advantage, and on which they could rest no rights.   As the plaintiff left the note, so far as appears, of his own choice, and for his own purposes, and as Eames was a mere depositary, having no right or claim to the note, the plaintiff had a right to reclaim it when he pleased; and whether he did so or not, it was still his unqualified property, and his right of action upon it was not affected.   It is not said that the note was even left at the request of the defendants, and if it had been it would be a mere curtesy, by which the plaintiff would not be bound to let it remain any longer than he chose.   It would be otherwise, and might perhaps be a good defence, if the note was deposited in pursuance of a valid contract.

It is assumed by the defendant's counsel in argument, that it was a part of the contract between the parties for the sale of the land mortgaged, that the note should be thus deposited.   It might be supposed from what is stated that there had been such a sale and such an agreement; and the counsel desires that the case may be amended so as to show a sale, and that the notes and mortgage were given to secure the purchase money, if the court do not now so understand it.   But that amendment does not go far enough to connect the deposit with that sale, since it does not make the deposit part of the agreement of sale.   The court cannot properly assume that such an agreement as to the deposit was made.

Upon this view, and in the absence of evidence of any agreement to deposit the note, the substance of the charge

was correct, that a deposit of the note would not affect the plaintiff's right to recover.   But as the case does not purport to state the whole transaction, and as the statement of an agreement to deposit the note may have been omitted, as not material to the question designed to be reserved, and some expressions of the charge seem to justify that impression; and as the court are of opinion that it was not material whether the claim of Brown was or was not valid, if the note was not to be paid till it was settled or removed; and as it is not rendered certain by the trial in this case, to which Brown was not a party, that Brown may not have some claim, though none was there shown, the charge was liable to mislead the jury, and the verdict should, therefore, be set aside.

*Verdict set aside.*